601 F.2d 253
 79-2 USTC P 9501
 UNITED STATES of America and James T. Wilkinson and William
L. Aldred, Revenue Agents of the Internal Revenue
Service, Petitioners-Appellees,
v.
John A. HILL, John C. Neff, C. George Mercy and Dr. Thomas
F. Frist, Jr., Respondents-Appellants.
 No. 79-1095.
 United States Court of Appeals,
Sixth Circuit.
 Argued June 7, 1979.
Decided July 3, 1979.
 
 William Waller, James T. O'Hare, Waller, Lansden, Dortch & Davis, Ames Davis, Charles Kown, Corporate Atty., Hospital Corp. of America, Nashville, Tenn., for respondents-appellants.
 Hal D. Hardin, U. S. Atty., Nashville, Tenn., M. Carr Ferguson, Gilbert E. Andrews, Charles E. Brookhart, William A. Whitledge, Tax Division, Dept. of Justice, Washington, D. C., for petitioners-appellees.
 Before EDWARDS, Chief Judge, ENGEL, Circuit Judge and BROWN,* District Judge.
 PER CURIAM.
 
 
 1
 Defendants, John A. Hill, et al., appeal from a judgment entered by District Judge L. Clure Morton, Chief Judge of the Middle District of Tennessee, which granted the Internal Revenue Service's petition for enforcement of certain subpoenas issued against defendants.
 
 
 2
 While we note appellants' contentions that the IRS is basically seeking to track down "finders fees" and/or "bribes" which may have been paid by one or both of two wholly-owned subsidiaries of the Hospital Corporation of America, which subsidiaries appellants claim to be entirely exempt from United States Federal income tax provisions, we also note that District Judge Morton specifically determined that "defendants are not required to answer any questions relating to the so-called 'slush fund,' the government having abandoned these questions," and that this issue is not before this court at this time.
 
 
 3
 We further note no meritorious issue which requires this court's intervention in the IRS investigation on behalf of taxpayers at this point because they plainly have mistaken their remedy which under clear statutory enactment requires responding to the subpoenas and raising such meritorious issues as they may have by refusing to answer specific questions (which, of course, may be followed by the government seeking contempt adjudication in the District Court, with the possibility of subsequent appeal to this court). See Reisman v. Caplin, 375 U.S. 440, 84 S.Ct. 508, 11 L.Ed.2d 459 (1964).
 
 
 4
 Now, therefore, the judgment of the District Court is affirmed.
 
 
 
 *
 Honorable Bailey Brown, Chief Judge, United States District Court for the Western District of Tennessee, sitting by designation